Filed 6/13/22  P. v. Ferguson CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>EDWARD WALTER FERGUSON,<br><br>    Defendant and Appellant. | D078244<br><br><br>(Super. Ct. No. JCF003372) |

APPEAL from an order of the Superior Court of Imperial County, Christopher J. Plourd, Judge.  Affirmed.

Taylor L. Clark, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Felicity A. Senoski, Deputy Attorneys General, for Plaintiff and Respondent.

I.

INTRODUCTION

Edward Walter Ferguson pled no contest to one count of felony stalking of victim B.H. (Pen. Code, § 646.9, subd. (b).)[1] Pursuant to the parties' plea agreement, the trial court placed Ferguson on three years of formal probation.

On appeal from the probation order, Ferguson contends that he is entitled to a reduction of his period of probation from three years to two years due to a retroactive change in the law that occurred while his appeal was pending. Ferguson notes that the new law provides in relevant part: "The court, or judge thereof, in the order granting probation, may suspend the imposing or the execution of the sentence and may direct that the suspension may continue *for a period of time not exceeding two years . . . .*" (§ 1203.1, subd. (a), italics added.)

The People acknowledge that the change in the law applies retroactively and generally requires that periods of probation be no longer than two years. However, the People note that section 1203.1, subdivision (*l*) provides an exception to the two-year probation limit, stating in relevant part: "The two-year probation limit in subdivision (a) shall not apply to: (1) . . . [A]n offense that includes specific probation lengths within its provisions."[2] The People maintain that the exception to the two-year

_____

[1]    Unless otherwise specified, all subsequent statutory references are to the Penal Code.

[2]    To be precise, the People cite to former section 1203.1, subdivision (m)(1), which has been recodified without substantive change in section 1203.1, subdivision (*l*)(1). (See Stats. 2021, ch. 257, § 21.) For ease of reference, we refer to the current codification throughout this opinion unless otherwise noted.

2

probation limit applies in this case because Ferguson committed his felony stalking offense against B.H., a victim of domestic violence within the meaning of Family Code section 6211, and section 1203.097, subdivision (a)(1) specifically mandates "[a] minimum period of probation of 36 months" in such an instance.

Applying this court's decision in *People v. Forester* (2022) 78 Cal.App.5th 447 (*Forester*), we agree with the People. In *Forester*, this court considered the same issue as is presented in this case and, for reasons explained in part III, *post*, concluded, "Because [defendant] was found guilty of stalking a victim of domestic violence, the two-year felony probation limitation in section 1203.1, subdivision (a) does not apply." (*Id.* at p. 450.) Because Ferguson also was found guilty of stalking a domestic violence victim, the two-year felony probation limitation in section 1203.1, subdivision (a) does not apply in this case, either. Accordingly, we affirm the trial court's order placing Ferguson on probation for a period of three years.[3]

---

[3]    While his appeal was pending, Ferguson requested that this court take judicial notice of various documents purporting to show his satisfactory performance on probation. In his reply brief, Ferguson contended that these documents are relevant to a determination of the proper disposition of this appeal in the event that this court reverses the probation order.

In light of our affirmance of the probation order, we deny Ferguson's request for judicial notice on the ground that the documents are not relevant to the matter that we decide here. (See *People v. Doane* (2021) 66 Cal.App.5th 965, 969 [denying request for judicial notice of documents on the ground that they were "unnecessary to our decision"].)

## FACTUAL AND PROCEDURAL HISTORY

A. *The underlying offense*

According to the probation report that was prepared in this case,[4] on March 24, 2020, "a [c]riminal [p]rotective [o]rder was issued [against Ferguson] listing [B.H.] as the protected person." The probation report states that, on numerous dates between March 24, 2020 and May 24, 2020, B.H. reported to police that Ferguson had contacted and/or harassed her.

B. *The charges*

In July 2020, the People charged Ferguson with two felony offenses, stalking (§ 646.9, subd. (b)) (count 1) and making a criminal threat (§ 422, subd. (a)) (count 2). The complaint alleged that B.H. was the victim of both offenses. With respect to count 1, the People alleged that Ferguson violated a temporary restraining order as to B.H. when he committed the stalking offense.

C. *Ferguson's no contest plea*

In September 2020, Ferguson pled no contest to count 1. The parties stipulated that two police reports provided a factual basis for the plea.[5]

Ferguson's plea agreement with the People contains a "[s]upplement," that outlines the "terms of [the] plea." Among other terms, the supplement states that the People would dismiss the balance of the charges in this case

---

4    Ferguson agreed that two police reports could serve as the factual basis of his plea. However, those reports have not been transmitted to this court. In their briefs, Ferguson and the People both cite to the probation report and its description of the underlying offense.

5    As noted in part II.A, *ante*, the police reports are not contained in the clerk's transcript and have not been transmitted to this court.

and four other pending cases, and that the trial court would place Ferguson on "[t]hree years formal probation" and impose a suspended sentence of the "[u]pper term [of] [four] years [(]state prison)."[6]  In addition, the supplement provides that Ferguson was to have "[n]o contact with [B.H.]" and that a "10 year [criminal protective order] protecting [B.H.]" would be imposed.

D.  *The trial court places Ferguson on formal probation for three years*

On November 2, 2020, the trial court held a sentencing hearing.  In accordance with the plea agreement, the court imposed a four-year state prison sentence, suspended execution of the sentence and placed Ferguson on formal probation for three years subject to various conditions, including that he have no contact with B.H and that he comply with a criminal protective order in favor of B.H.

During the hearing, Ferguson initially indicated that he would not comply with a probation condition prohibiting him from using or possessing alcohol.  However, at a later point in the hearing, he appeared to agree to the condition, stating "I'll take your deal, and I'll appeal this later."  At the conclusion of the hearing, Ferguson appeared to attempt to revoke his agreement to the probation conditions.

A few days later, on November 6, 2020, the court held a hearing during which the court stated, "[W]e left the sentencing with an issue regarding whether or not Mr. Ferguson accepts the conditions of probation."  The court proceeded to confirm that Ferguson accepted the conditions of probation.  The court also served Ferguson with the criminal protective order prohibiting him

---

6    The supplement states "Upper term (4 years state prison) ESS." A separate document referring the matter to a probation officer outlines the "[c]onditions [o]f [p]lea" and states, "upper term of four years in state prison as a suspended sentence."

5

from having any contact with B.H. for ten years. The order states that it is a "probation condition order (Pen. Code, § 1203.097)."

E. *The appeal*

Ferguson filed an appeal on November 16, 2020 from the November 6, 2020 order.[7]

## III.

## DISCUSSION

*The two-year felony probation limitation contained in section 1203.1, subdivision (a) does not apply when a defendant is convicted of stalking a domestic violence victim*

Ferguson claims that his period of probation must be reduced from three years to two years due to the enactment of Assembly Bill No. 1950 (AB 1950) and its amendment of section 1203.1. (See Stats. 2020, ch. 328, § 2.) The People concede that AB 1950 "applies retroactively to cases like appellant's that are not yet final on direct appeal."[8] However, the People argue that Ferguson's stalking conviction (§ 646.9) brings him under an exception to the reduced probation period provision of AB 1950 that applies when "an offense . . . includes specific probation lengths within its provisions." (§ 1203.1, subd. (*l*)(1).) Specifically, the People argue that the

---

[7] Given the uncertainty over whether the trial court formally granted probation on November 2 or November 6, Ferguson's apparent intent to challenge the order granting probation, and the lack of any resulting prejudice to the People, we liberally construe Ferguson's notice of appeal as applying to both the November 2 and the November 6 orders. (See Cal. Rules of Court, rule 8.304(a)(4) ["The notice of appeal must be liberally construed"].)

[8] The People cite numerous cases that have held that AB 1950 applies retroactively to nonfinal cases pending on appeal. (See *People v. Quinn* (2021) 59 Cal.App.5th 874, 879–885.) We accept the People's concession.

6

trial court was required to impose a probation period of no less than 36 months pursuant to section 1203.097, subdivision (a)(1) because the victim, B.H., was a domestic violence victim as defined in Family Code section 6211.[9] The People contend that, given the applicability of section 1203.097, Ferguson's stalking conviction was for an offense that included a specific probation length within its provisions for purposes of section 1203.1, subdivision (*l*)(1).

Ferguson's claim raises an issue of statutory interpretation. We review such claims de novo. (See, e.g., *People v. Ollo* (2021) 11 Cal.5th 682, 687 ["We review this question of statutory interpretation de novo"].)

A.  *Governing law*

1.  *AB 1950's amendment of section 1203.1*

On September 30, 2020, the Governor signed AB 1950 into law. (Stats. 2020, ch. 328, § 2.) AB 1950 amended section 1203.1 to generally limit felony probation terms to no longer than two years. (See § 1203.1, subd. (a).) The current version of section 1203.1, subdivision (a)(1) provides in relevant part:

> "The court, or judge thereof, in the order granting probation, may suspend the imposing or the execution of the sentence and may direct that the suspension may continue for a period of time *not exceeding two years*, and upon those terms and conditions as it shall determine." (Italics added.)

AB 1950 also contained an exception to the two-year probation limit for certain offenses, which is currently codified in section 1203.1, subdivision (*l*)(1). The exception provides in relevant part:

> "(*l*) The two-year probation limit in subdivision (a) shall not apply to:

---

9    We discuss each of the statutory provisions referenced in this introduction in parts III.A, *post*.

7

"(1) An offense listed in subdivision (c) of Section 667.5 and *an offense that includes specific probation lengths within its provisions*. For these offenses, the court, or judge thereof, in the order granting probation, may suspend the imposing or the execution of the sentence and may direct that the suspension may continue for a period of time not exceeding the maximum possible term of the sentence and under conditions as it shall determine. All other provisions of subdivision (a) shall apply." (Italics added.)

The new law became effective on January 1, 2021, while Ferguson's appeal was pending.

2. *Section 646.9*

Ferguson pled no contest to, and was convicted of, a violation of section 646.9, subdivision (b). Section 646.9 provides in relevant part:

"(a) Any person who willfully, maliciously, and repeatedly follows or willfully and maliciously harasses another person and who makes a credible threat with the intent to place that person in reasonable fear for his or her safety, or the safety of his or her immediate family is guilty of the crime of stalking, punishable by imprisonment in a county jail for not more than one year, or by a fine of not more than one thousand dollars ($1,000), or by both that fine and imprisonment, or by imprisonment in the state prison.

"(b) Any person who violates subdivision (a) when there is a temporary restraining order, injunction, or any other court order in effect prohibiting the behavior described in subdivision (a) against the same party, shall be punished by imprisonment in the state prison for two, three, or four years."

3. *Section 1203.097*

Section 1203.097 provides in relevant part:

"(a) If a person is granted probation for a crime in which the victim is a person defined in Section 6211 of the Family Code,[10] the terms of probation shall include all of the following:

"(1) A minimum period of probation of 36 months, which may include a period of summary probation as appropriate.

"(2) A criminal court protective order protecting the victim from further acts of violence, threats, stalking, sexual abuse, and harassment, and, if appropriate,

10    Family Code section 6211 provides:

" 'Domestic violence' is abuse perpetrated against any of the following persons:

"(a) A spouse or former spouse.

"(b) A cohabitant or former cohabitant, as defined in Section 6209.

"(c) A person with whom the respondent is having or has had a dating or engagement relationship.

"(d) A person with whom the respondent has had a child, where the presumption applies that the male parent is the father of the child of the female parent under the Uniform Parentage Act (Part 3 (commencing with Section 7600) of Division 12).

"(e) A child of a party or a child who is the subject of an action under the Uniform Parentage Act, where the presumption applies that the male parent is the father of the child to be protected.

"(f) Any other person related by consanguinity or affinity within the second degree."

containing residence exclusion or stay-away conditions."[11]

### 4. *Principles of statutory interpretation*

In *People v. Lopez-Vinck* (2021) 68 Cal.App.5th 945, this court outlined the following principles of statutory interpretation:

> "A reviewing court's construction of a statute is ' "guided by the overarching principle that [its] task ' "is to determine the intent of the enacting body so that the law may receive the interpretation that best effectuates that intent." ' " ' [Citation.] First among the principles of statutory interpretation is honoring ' " 'the language of the statute' " ' as ' "construed in the context of the statute as a whole and the overall statutory scheme." ' [Citation.] If the language of the statute is ambiguous, a court 'can look to legislative history [citation] and to rules or maxims of construction' to resolve the ambiguity. [Citation.]" (*Id.* at p. 951.)

## B. *Application*

### 1. *Section 646.9 is an offense that contains a specific probation length within its provisions when the victim of the offense is a person who is defined in Family Code section 6211; the 36-month probation period contained in section 1203.097, subdivision (a)(1) therefore applies*

#### a. *The relevant statutory text*

As noted in part III.A.1, *ante*, section 1203.1, subdivision (*l*)(1) provides that the "two-year probation limit in subdivision (a) shall not apply to . . . *an*

---

11    Although it does not appear that the trial court ever expressly found that subdivision (a)(1) of section 1203.097 applied, in granting Ferguson probation, the trial court did order Ferguson to "[c]omply with [c]riminal [p]rotective order issued by the [c]ourt pursuant to [section] 1203.097(a)(2)." Thus, it appears that the court found that B.H. was a person defined in Family Code section 6211. Ferguson does not contend otherwise on appeal.

*offense* that includes specific probation lengths within its provisions." (Italics added.)

As in *Forester*, the parties dispute the meaning of the word "offense," in section 1203.1, subdivision (*l*)(1). (See *Forester, supra*, 78 Cal.App.5th at p. 454.) The People maintain that the term encompasses all penalty provisions that apply to a given offense, arguing in relevant part: "Because of section 1203.097, a conviction of a crime where the victim is listed in Family Code section 6211 is an offense 'that includes [a] specific probation length[ ] within its provisions' for the purposes of the exception under section 1203.1, subdivision [*l*](1)." Ferguson argues that the People's contention that section 1203.1, subdivision (*l*)(1) applies "[b]ecause of section 1203.097," is erroneous because he was not convicted of violating section 1203.097 and section 1203.097 does not constitute "an offense," of which any person could be convicted. He contends that this court should reject the People's "bootstrapping argument."

"We conclude the People's interpretation of section 1203.1, subdivision (*l*)(1) is the more reasonable interpretation of the statutory language at issue and, more importantly, the one our Legislature intended." (*Forester, supra*, 78 Cal.App.5th at p. 454.) As this court explained in *Forester, supra*, at p. 454, the Legislature's use of the term "offense" as contained in section 1203.1, subdivision (*l*)(1) is most reasonably interpreted as referring "not only [to] the statute or statutes stating the elements of a crime, but also other statutes—such as penalty provisions—that apply in a given case." (*Forester,* at p. 454.) The *Forester* court reasoned:

11

"The elements of a crime and the penalties attendant to the commission of a crime are, of course, distinct concepts from one another. But both are necessary components of an offense. Section 15 makes this clear, as it defines a 'public offense' as 'an act committed or omitted in violation of a law forbidding or commanding it, *and to which is annexed, upon conviction, . . . punishment*[ ] . . . .' (Italics added.) Our case law reinforces the longstanding notion that it is the combination of a prohibited act and a punishment, in tandem, that compose an offense. (*People v. Superior Court* (*Gooden*) (2019) 42 Cal.App.5th 270, 281 ['[F]or a crime to exist, there must exist both a prohibited act and punishment']; *People v. Vasilyan* (2009) 174 Cal.App.4th 443, 449–450 ['That there must be a substantive crime and a punishment for that crime in order to constitute a criminal offense has been long recognized'].) We think it reasonable to conclude the Legislature had in mind the historic link between prohibited act and punishment when it enacted Assembly Bill No. 1950, and that it thus intended the two-year felony probation carve-out to apply any time a specific probation length is contained within an applicable statute–irrespective of whether that statute delineates the substantive elements of a crime or prescribes the consequences of said crime." (*Ibid.*)

The *Forester* court stated that this understanding of the text of section 1203.1, subdivision (a)(1) is supported by the "practical reality that the Legislature routinely prescribes specific probation lengths within statutory provisions that are characterized as penalty provisions or, at the very least, as statutes that do not define the substantive elements of a crime." (*Forester, supra*, 78 Cal.App.5th at p. 455 [citing inter alia Vehicle Code section 23600, subdivision (b)(1)].)[12] As the *Forester* court noted, Vehicle Code section

---

[12] (See also *Forester, supra*, 78 Cal.App.5th at p. 457, quoting Couzens et al., Sentencing California Crimes (The Rutter Group 2018) § 8:15–30, fn. 2 [discussing the interaction between section 1203.1, subdivision (*l*)(1) and section 1203.097 (a)(1) and stating, "[t]he fact that the specification of the

23600, subdivision (b)(1) specifies the probationary period for a person put on probation who is convicted of violating Vehicle Code sections 23152 or 23153. (*Forester, supra*, at p. 455; accord *People v. Schulz* (2021) 66 Cal.App.5th 887 (*Schulz*).)

In *Schulz*, the Court of Appeal considered a question concerning the scope of the exception to the two-year probation limit (§ 1203.1, subd. (a)(1)) currently codified in section 1203.1, subdivision (*l*)(1).[13] The *Schulz* court observed that "[s]ubdivision [*l*](1) of section 1203.1, added by Assembly Bill No. 1950, provides, in relevant part, 'The two-year probation limit in subdivision (a) shall not apply to: [¶] . . . [a]n offense listed in subdivision (c) of Section 667.5 *and* an offense that includes specific probation lengths within its provisions. . . .' " (*Schulz, supra*, 66 Cal.App.5th at p. 896, second italics in original.) The *Schulz* court considered "whether this exclusion from relief applies to those offenses that are listed in section 667.5, subdivision (c), and also include specific probation lengths, as defendant claims, or whether the exclusion applies to those offenses listed in section 667.5, subdivision (c), and to any offenses that include specific probation lengths, as the People

---

length of probation is expressed in a different code section than the crime itself does not appear material. The Penal Code frequently separates the punishment provisions from the crime. (See, e.g., burglary—the crime is identified in sections 459 and 460, but the punishment is contained in section 461. But there is no doubt the sections operate in tandem to define the crime and its consequences)"].)

[13] The *Schulz* court considered the exception as it was codified in former section 1203.1, subdivision (m)(1).

claim." (*Ibid.*)[14] The *Schulz* court ultimately concluded that the exception in section 1203.1, subdivision (*l*)(1) applies both to "felony offenses that fall under section 667.5, subdivision (c), and, separately, those felony offenses that include specific probation lengths within their provisions." (*Schulz, supra*, at p. 898.)

After reaching this conclusion, the *Schulz* court stated that *Vehicle Code section 23600*, subdivision (b)(1) "provides for a specific probation length," (*Schulz, supra*, 66 Cal.App.5th at p. 899) for violations of *Vehicle Code section 23153, subdivisions (a) and (b)*, stating:

> "[D]efendant was convicted of violating Vehicle Code section 23153, subdivisions (a) and (b), and for those offenses, section 23600, subdivision (b)(1), provides for a specific probation length. Therefore, the exclusion under [section 1203.1, subdivision (*l*)(1)], applies in this case and defendant is ineligible to have his probation term reduced under subdivision (a) of section 1203.1." (*Schulz, supra*, at p. 899.)

*Schulz* thus provides an example of an instance in which a court observed that the exception in section 1203.1, subdivision (*l*)(1) refers "not only [to] the statute or statutes stating the elements of a crime, but also other statutes—such as penalty provisions—that apply in a given case." (*Forester, supra*, 78 Cal.App.5th at p. 454.)

Similarly, in this case, the text of the relevant statutes supports the conclusion that Ferguson was convicted of "an offense that includes specific probation lengths within its provisions" (§ 1203.1, subd. (*l*)(1)), because section 1203.097, subdivision (a)(1) provides a specific minimum probationary

---

14    In other words, the *Schulz* court considered the meaning of the word "and" in the first sentence of section 1203.1, subdivision (*l*)(1).

term of 36 months when the victim of a crime, including a violation of section 646.9, is listed in Family Code section 6211. Stated differently, section 646.9 is an offense that contains "specific probation lengths within its provisions," (§ 1203.1, subd. (*l*)(1)) when the victim of a violation of section 646.9 is a person who is defined in Family Code section 6211; the 36-month probationary period contained in section 1203.097, subdivision (a)(1) therefore applies.

      b.  *The legislative history of section 1203.1, subdivision (l)(1)*

The *Forester* court noted that the legislative history of AB 1950 supports its interpretation of section 1203.1, subdivision (*l*)(1). The *Forester* court summarized that history as follows:

> "When the bill was originally introduced, it imposed a two-year limitation on felony probation terms similar to the one that went on to become law. However, unlike the version of Assembly Bill No. 1950 that was enacted into law, the original version of the bill (and early amended versions of the bill) did not include an exception for offenses with specific probation lengths within their provisions.
>
> "A report from the Assembly Committee on Public Safety, commenting on an early version of the bill, noted the bill would 'limit felony probation to two years . . . regardless of the maximum term of imprisonment.' (Assem. Com. on Public Safety, Rep. on Assem. Bill No. 1950 (2019–2020 Reg. Sess.) as amended May 6, 2020, p. 4.) However, it pointed out that the bill would 'not amend code sections such as Veh. Code [section] 23600 (allowing probation up to five years for a DUI) or Pen. Code [section] 1203.097 (requiring a minimum probation of three years for domestic violence offenses), which specify probation lengths for specific crimes.' (*Ibid.*) The report cautioned it was 'not clear if [the] bill would limit the application of those sections.' (*Ibid.*) Soon after the committee report highlighted these features of the bill, the language that now constitutes section 1203.1, subdivision (*l*)(1), i.e., the

15

exception to the two-year felony probation limitation, was added into the bill and enacted into law." (*Forester, supra*, 78 Cal.App.5th at pp. 456–457.)

The *Forester* court stated that "[f]rom this legislative history, we can reasonably discern that the Legislature most likely incorporated the relevant exception into Assembly Bill No. 1950 to ensure that the bill did not limit the application of section 1203.097 (and other code provisions like it)." (*Forester, supra*, 78 Cal.App.5th at p. 457.)

> 2. *Ferguson was convicted of an offense that contains a specific probation length within its provisions because B.H. is a person who is defined in Family Code section 6211; the 36-month probationary period contained in section 1203.097, subdivision (a)(1) therefore applies*

As noted in footnote 11, *ante*, Ferguson does not dispute that he was convicted of stalking a victim of domestic violence (B.H.) within the meaning of section 1203.097, subdivision (a). Because Ferguson stalked a victim of domestic violence, he was placed on probation for an offense that includes a specific probation length within its provisions (i.e. §§ 646.9, subd. (b), 1203.097, subd. (a)(1)). Under these circumstances, the two-year felony probation limitation codified in section 1203.1, subdivision (a), is inapplicable. (See § 1203.1, subd. (*l*)(1).)

Accordingly, we conclude that Ferguson is not entitled to a reduction of his three-year period of probation in light of AB 1950's amendment of section 1203.1, subdivision (a). We agree with the People that the exception to the two-year limitation on probation terms contained in section 1203.1, subdivision (*l*)(1) applies in this case.

IV.

DISPOSITION

The November 6, 2020 probation order is affirmed.


AARON, J.

WE CONCUR:

HALLER, Acting P. J.

DATO, J.

17